UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | INDICTMENT NO.: 1:21-CR-048 |
| ) | |
| SAMMIE LEE SIAS ) | |

### GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY

Now comes the United States of America, by and through David H. Estes, Acting United States Attorney for the Southern District of Georgia, and the undersigned Assistant United States Attorney, and moves as follows:

In light of the liberal discovery previously provided by the Government to the Defendant in this case, the Government moves the Court to order the Defendant in the above captioned case to provide the Government with reciprocal discovery by no later than two weeks prior to trial, to include:

1. **Documents and Objects.** Books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody or control of the Defendant and which the Defendant intends to introduce as evidence in his case-in-chief at the trial. See Fed. R. Crim. P. 16(b)(1)(A).

2. **Reports of Examinations and Tests.** Results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this particular case, or copies thereof, within the possession or control of the Defendant which the Defendant intends to introduce as evidence in his case-in-chief at the trial or which were prepared by witnesses whom the Defendant intends to call at the trial when the results or reports relate to their testimony. See Fed. R. Crim. P. 16(b)(1)(B).

3.    **Expert Witnesses**.  A written summary of any testimony that the Defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, describing the expert witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.  See Fed. R. Crim. P. 16(b)(1)(c).

4.    **Prior Statements of Defense Witnesses**.  All prior statements in the possession of the Defendant, if any, given by witnesses whom the Defendant expects to call at trial other than the Defendant himself.  The term "statements" is to be construed by the Defendant as it is defined in Fed. R. Crim. P. 26.2 (effective December 1, 1980) and the Jencks Act, codified at 18 U.S.C. § 3500.  See Fed. R. Crim. P. 26.2 and United States v. Nobles, 422 U.S. 225 (1975).

Respectfully submitted this 6th day of August 2021.

DAVID H. ESTES
ACTING UNITED STATES ATTORNEY

*s/ Tara M. Lyons*
Tara M. Lyons
Assistant United States Attorney
South Carolina Bar No. 16573
United States Attorney's Office
Southern District of Georgia
Post Office Box 2017
Augusta, Georgia 30903
T: (706) 826-4532
tara.lyons@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | INDICTMENT NO.: 1:21-CR-048 |
| | ) | |
| **SAMMIE LEE SIAS** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing **GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY** on all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 6th day of August 2021.

DAVID H. ESTES
ACTING UNITED STATES ATTORNEY

*s/ Tara M. Lyons*
Tara M. Lyons
Assistant United States Attorney
South Carolina Bar No. 16573
United States Attorney's Office
Southern District of Georgia
Post Office Box 2017
Augusta, Georgia 30903
T: (706) 826-4532
tara.lyons@usdoj.gov