**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUST DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO: 1:21-CR-48** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SAMMIE LEE SIAS** | ) | |

**GOVERNMENT'S REQUEST TO CHARGE**

Now comes the United States of America, by and through David H. Estes,

United States Attorney for the Southern District of Georgia, and the undersigned

Assistant United States Attorneys, and files this request to charge the jury on the

following subjects, as taken from the Eleventh Circuit <u>Pattern Jury Instructions</u>,

last revised 2020, unless otherwise noted:

**TABLE OF CONTENTS**

**PRELIMINARY INSTRUCTIONS**

<u>**P1 Criminal Cases**</u>

**BASIC INSTRUCTIONS**

<u>**B1 Face Page - Introduction**</u>

<u>**B2.1 Duty to Follow Instructions and the Presumption of Innocence**</u>

<u>**B2.2 Duty to Follow Instructions and the Presumption of Innocence when a Defendant does not Testify**</u>

<u>**B3 Definition of Reasonable Doubt**</u>

<u>**B4 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**</u>

<u>**B5 Credibility of Witnesses**</u>

<u>**B6.1 Impeachment of Witnesses because of Inconsistent Statements**</u>

1

**B6.3 Impeachment of Witnesses because of Inconsistent Statements (Defendant with no Felony Conviction Testifies)**

**B7 Expert Witness**

**B8 Introduction to Offense Instructions**

**B8.1 Conjunctively Charged Counts**

**B9.2 On or About a Particular Date; Knowingly**

**B9.1A On or About; Knowingly; Willfully - Generally**

OFFENSE INSTRUCTIONS

**O36 False Statement to a Federal Agency 18 U.S.C. § 1001**

**G1 Destruction, Alteration, or Falsification of Records in a Federal Investigation, 18 U.S.C. § 1519**

BASIC INSTRUCTIONS

**B10.2 Caution: Punishment (Single Defendant, Multiple Counts)**

SPECIAL INSTRUCTIONS

**S2.1 Confession or Statement of a Single Defendant**

TRIAL INSTRUCTIONS

**T3 Explanatory Instruction - Transcript of Tape-Recorded Conversation**

**Special Instructions**

**S5 Note-taking**

BASIC INSTRUCTIONS

**B11 Duty to Deliberate**

**B12 Verdict**

Requested jury instructions follow in complete form.

The Government also respectfully requests the right to supplement its

Request to Charge based upon the facts that may develop at trial.

Respectfully submitted, this 8th day of July 2022.

DAVID H. ESTES
UNITED STATES ATTORNEY

*/s/ Patricia Green Rhodes*
Patricia Green Rhodes
Chief, Criminal Division
Assistant United States Attorney
Georgia Bar No. 307288
United States Attorney's Office
Southern District of Georgia
P.O. Box 2017
Augusta, GA  30903
(706) 724-0517
Email: patricia.rhodes@usdoj.gov

*/s/ Tara M. Lyons*
Tara M. Lyons
Deputy Chief, Criminal Division
Assistant United States Attorney
South Carolina Bar No. 16573
United States Attorney's Office
Southern District of Georgia
P.O. Box 2017
Augusta, GA 30903
T: (706) 826-4532
Email: tara.lyons@usdoj.gov

**P1**
**Preliminary Instructions – Criminal Cases**

Members of the Jury:

Now that you have been sworn, I need to explain some basic principles about a criminal trial and your duty as jurors. These are preliminary instructions. At the end of the trial I will give you more detailed instructions.

Duty of jury:

It will be your duty to decide what happened so you can determine whether the defendant is guilty or not guilty of the crime charged in the indictment. At the end of the trial, I will explain the law that you must follow to reach your verdict. You must follow the law as I explain it to you even if you do not agree with the law.

What is evidence:

You must decide the case solely on the evidence presented here in the courtroom. Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion. Some evidence proves a fact indirectly, such as a witness who saw wet grass outside and people walking into the courthouse carrying wet umbrellas. Indirect evidence, sometimes called circumstantial evidence, is simply a chain of circumstances that proves a fact. As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind and should give every piece of evidence whatever weight you think it deserves.

<u>What is not evidence:</u>

Certain things are not evidence and must not be considered. I will list them for you now:

- Statements and arguments of the lawyers. In their opening statements and closing arguments, the lawyers will discuss the case, but their remarks are not evidence;

- Questions and objections of the lawyers. The lawyers' questions are not evidence. Only the witnesses' answers are evidence. You should not think that something is true just because a lawyer's question suggests that it is. For instance, if a lawyer asks a witness, "you saw the defendant hit his sister, didn't you?" – that question is no evidence whatsoever of what the witness saw or what the defendant did, unless the witness agrees with it.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, then the question may be answered or the exhibit received. If I sustain the objection, then the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and not try to guess what the answer would have been.

Sometimes I may order that evidence be stricken and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider that evidence.

Some evidence is admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and no other.

Credibility of witnesses:

In reaching your verdict, you may have to decide what testimony to believe and what testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

- The opportunity and ability of the witness to see or hear or know the things testified to;

- The witness's memory;

- The witness's manner while testifying;

- The witness's interest in the outcome of the case and any bias or prejudice;

- Whether other evidence contradicted the witness's testimony;

- The reasonableness of the witness's testimony in light of all the evidence; and

- Any other factors that bear on believability.

I will give you additional guidelines for determining credibility of witnesses at the end of the case.

Rules for criminal cases:

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, the defendant is presumed innocent until proven guilty. The indictment against the defendant brought by the government is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

Second, the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his innocence or to present any evidence, or to testify. Since the defendant has the right to remain silent and may choose whether to testify, you cannot legally put any weight on a defendant's choice not to testify. It is not evidence.

Third, the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that the level of proof required is high.

Conduct of the jury:

Our law requires jurors to follow certain instructions regarding their personal conduct in order to help assure a just and fair trial. I will now give you those instructions:

1. Do not talk, either among yourselves or with anyone else, about anything related to the case. You may tell the people with whom you live and your employer that you are a juror and give them information about when you will be required to be in court, but you may not discuss with them or anyone else anything related to the case.

2. Do not, at any time during the trial, request, accept, agree to accept, or discuss with any person, any type of payment or benefit in return for supplying any information about the trial.

3. You must promptly tell me about any incident you know of involving an attempt by any person to improperly influence you or any member of the jury.

4. Do not visit or view the premises or place where the charged crime was allegedly committed, or any other premises or place involved in the case. And you must not use Internet maps or Google Earth or any other program or device to search for a view of any location discussed in the testimony.

5. Do not read, watch, or listen to any accounts or discussions related to the case which may be reported by newspapers, television, radio, the Internet, or any other news media.

6. Do not attempt to research any fact, issue, or law related to this case, whether by discussions with others, by library or Internet research, or by any other means or source.

In this age of instant electronic communication and research, I want to emphasize that in addition to not talking face to face with anyone about the case, you must not communicate with anyone about the case by any other means, including by telephone, text messages, email, Internet chat, chat rooms, blogs, or social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, or Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also must not use Google or otherwise search for any information about the case, or the law that applies to the case, or the people involved in the case, including the defendant, the witnesses, the lawyers, or the judge. It is important that you understand why these rules exist and why they are so important:

Our law does not permit jurors to talk with anyone else about the case, or to permit anyone to talk to them about the case, because only jurors are

8

authorized to render a verdict. Only you have been found to be fair and only you have promised to be fair – no one else is so qualified.

Our law also does not permit jurors to talk among themselves about the case until the court tells them to begin deliberations, because premature discussions can lead to a premature final decision.

Our law also does not permit you to visit a place discussed in the testimony. First, you can't be sure that the place is in the same condition as it was on the day in question. Second, even if it were in the same condition, once you go to a place discussed in the testimony to evaluate the evidence in light of what you see, you become a witness, not a juror. As a witness, you may now have a mistaken view of the scene that neither party may have a chance to correct. That is not fair.

Finally, our law requires that you not read or listen to any news accounts of the case, and that you not attempt to research any fact, issue, or law related to the case. Your decision must be based solely on the testimony and other evidence presented in this courtroom. Also, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me, and not from any other source. It wouldn't be fair to the parties for you to base your decision on some reporter's view or opinion, or upon other information you acquire outside the courtroom.

These rules are designed to help guarantee a fair trial, and our law accordingly sets forth serious consequences if the rules are not followed. I trust

that you understand and appreciate the importance of following these rules, and in accord with your oath and promise, I know you will do so.

<u>Taking notes</u>:

Moving on now, if you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave the courtroom, your notes should be left in the jury room. Whether or not you take notes, you should rely on your own memory of what was said. Notes are to assist your memory only. They are not entitled to any greater weight than your memory or impression about the testimony.

<u>Course of the trial</u>:

The trial will now begin. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor argument.

The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and I will instruct you on the law. After that, you will go to the jury room to decide your verdict.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

**B1**
**Face Page - Introduction**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA

CASE NO. 1:21- CR- 0048

-vs-

SAMMIE LEE SIAS

<u>COURT'S INSTRUCTIONS</u>
<u>TO THE JURY</u>

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

**<u>ANNOTATIONS AND COMMENTS</u>**

No annotations associated with this instruction.

**B2.1**
**The Duty to Follow Instructions And the Presumption of Innocence**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

## ANNOTATIONS AND COMMENTS

*In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073, 25 L. Ed. 2d 368 (1970) (The due process clause protects all criminal defendants "against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."); see also *Harvell v. Nagle*, 58 F.3d 1541, 1542 (11th Cir. 1995), *reh'g denied*, 70 F.3d 1287 (11th Cir. 1995).

**B2.2**
## The Duty to Follow Instructions and the Presumption Of Innocence When a Defendant Does Not Testify

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

## ANNOTATIONS AND COMMENTS

*United States v. Teague*, 953 F.2d 1525, 1539 (11th Cir. 1992), *cert. denied*, 506 U.S. 842, 113 S. Ct. 127, 121 L. Ed. 2d 82 (1992), Defendant who does not testify is entitled to instruction that no inference may be drawn from that election; *see also United States v. Veltman*, 6 F.3d 1483, 1493 (11th Cir. 1993) (Court was "troubled" by "absence of instruction on the presumption of innocence at the beginning of the trial… Although the court charged the jury on the presumption before they retired to deliberate, we believe it extraordinary for a trial to progress to that stage with nary a mention of this jurisprudential bedrock.")

14

**B3**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

<u>**ANNOTATIONS AND COMMENTS**</u>

***United States v. Daniels***, 986 F.2d 451 (11th Cir. 1993), opinion readopted on rehearing, 5 F.3d 495 (11th Cir. 1993), ***cert. denied***, 511 U.S. 1054, 114 S. Ct. 1615, 128 L. Ed. 2d 342 (1994) approves this definition and instruction concerning reasonable doubt; ***see also United States v. Morris***, 647 F.2d 568 (5th Cir. 1981); ***Victor v. Nebraska***, 511 U.S. 1, 114 S. Ct. 1239, 127 L. Ed. 2d 583 (1994) (discussing "reasonable doubt" definition and instruction).

**B4**
## Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## ANNOTATIONS AND COMMENTS

*United States v. Clark*, 506 F.2d 416 (5th Cir. 1975), *cert. denied*, 421 U.S. 967, 95 S. Ct. 1957, 44 L. Ed. 2d 454 (1975) approves the substance of this instruction concerning the lack of distinction between direct and circumstantial evidence; *see also United States v. Barnette*, 800 F.2d 1558, 1566 (11th Cir. 1986), *reh'g denied*, 807 F.2d 999 (11th Cir. 1986), *cert. denied*, 480 U.S. 935, 107 S. Ct. 1578, 94 L. Ed. 2d 769 (1987) (noting that the "test for evaluating circumstantial

16

evidence is the same as in evaluating direct evidence") (citing *United States v. Henderson*, 693 F.2d 1028, 1030 (11th Cir. 1982)).

*United States v. Hope*, 714 F.2d 1084, 1087 (11th Cir. 1983) ("A trial judge may comment upon the evidence as long as he instructs the jury that it is the sole judge of the facts and that it is not bound by his comments and as long as the comments are not so highly prejudicial that an instruction to that effect cannot cure the error.") (citing *United States v. Buchanan*, 585 F.2d 100, 102 (5th Cir. 1978)). *See also United States v. Jenkins*, 901 F.2d 1075 (11th Cir. 1990).

*United States v. Granville*, 716 F.2d 819, 822 (11th Cir. 1983) notes that the jury was correctly instructed that the arguments of counsel should not be considered as evidence (citing *United States v. Phillips*, 664 F.2d 971, 1031 (5th Cir. 1981)); *see also United States v. Siegel*, 587 F.2d 721, 727 (5th Cir. 1979).

For an alternative description of evidence, see Preliminary Instruction, "what is evidence."

**B5**
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

**B6.1**
**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## ANNOTATIONS AND COMMENTS

*See United States v. D'Antignac*, 628 F.2d 428, 435-36 n.10 (5th Cir. 1980), *cert. denied*, 450 U.S. 967, 101 S. Ct. 1485, 67 L. Ed. 2d 617 (1981) (approving a previous version of this instruction used in conjunction with Basic Instruction 5 and Special Instruction 2.1 as befitted the facts of that case). See also *United States v. McDonald*, 620 F.2d 559, 565 (5th Cir. 1980), and *United States v. Soloman*, 856 F.2d 1572, 1578 (11th Cir. 1988), *reh'g denied*, 863 F.2d 890 (1988), *cert. denied*, 489 U.S. 1070, 109 S. Ct. 1352, 103 L. Ed. 2d 820 (1989).

**B6.3**
**Impeachment of Witnesses Because of Inconsistent**
**Statements (Defendant with No Felony Conviction Testifies)**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

20

**B7**
**Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

## ANNOTATIONS AND COMMENTS

*United States v. Johnson*, 575 F.2d 1347, 1361 (5th Cir. 1978), *cert. denied*, 440 U.S. 907, 99 S. Ct. 1214, 59 L. Ed. 2d 454 (1979).

**B8**
**Introduction to Offense Instructions**

The indictment charges two separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count One charges that on or about August 5, 2019, in Richmond County, within the Southern District of Georgia, the Defendant did knowingly alter, destroy, mutilate, conceal, and coverup records, documents and other objects, to wit, digital files belonging to Sandridge Community Association (SCA), which included invoices, spreadsheets, work orders, payments, agendas, minutes, financial reports and other documentation of Jamestown Community Center (Jamestown), Jamestown Special Purpose Local Option Sales Tax (SPLOST), SCA Board of Directors, SCA Summer Camp, with the intent to impede, obstruct, and influence the investigation and proper administration of a federal criminal grand jury investigation, a matter that the defendant knew was within the jurisdiction of the Department of Justice and Federal Bureau of Investigation, a department and agency of the United States. All in violation of Title 18, United States Code, Section 1519.

Count Two charges that on or about August 9, 2019, in Richmond County, within the Southern District of Georgia, the Defendant did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the Department of Justice, an agency of the United States, by falsely and fraudulently representing to

22

Special Agent Charles McKee of the Federal Bureau of Investigation, at the residence of the Defendant, in Hephzibah, Georgia, in the Southern District of Georgia, that the Defendant, had provided all electronic and paper files in his possession related to Sandridge Community Association and Jamestown. The statement and representation were false because, as the Defendant then and there knew, on August 5 and 6, 2019, the Defendant had not provided all electronic and paper files in his possession related to Sandridge Community Association and Jamestown and, instead, still possessed digital files belonging to Sandridge Community Association (SCA), which included invoices, spreadsheets, work orders, payments, agendas, minutes, financial reports and other documentation of Jamestown, Jamestown Special Purpose Local Option Sales Tax (SPLOST), SCA Board of Directors, SCA Summer Camp. All in violation of Title 18, United States Code, Section 1001.

I will explain the law governing these offenses in a moment.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**B8.1**

**Conjunctively Charged Counts**

Where a statute specifies multiple alternative ways in which an offense may be committed, the <u>indictment</u> may allege the multiple ways in the conjunctive, that is, by using the word "and."  If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

<u>**ANNOTATIONS AND COMMENTS**</u>

"[I]t is well-established . . . that a disjunctive statute may be pleaded conjunctively and proved disjunctively."  *United States v. Williams*, 790 F.3d 1240, 1245 n.2 (11th Cir. 2015) (quoting *United States v. Haymes*, 610 F.2d 309, 310 (5th Cir. 1980) (citing *United States v. Quiroz-Carrasco*, 565 F.2d 1328, 1331 (5th Cir. 1978)); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all decisions of the former Fifth Circuit issued on or before September 30, 1981).

In other words, "when a defendant is charged in an indictment conjunctively with alternative means or alternative mental states, any one of which will satisfy an element of the crime, the 'jury instruction may properly be framed in the disjunctive' without a constructive amendment taking place."  *United States v. Mozie*, 752 F.3d 1271, 1284 (11th Cir. 2014) (quoting *United States v. Simpson*, 228 F.3d 1294, 1300 (11th Cir. 2000)).  "The rule applies not only to alternative acts that satisfy a statutory element, but also to alternative mental states that may satisfy an element."  *Id.* (citing *Haymes*, 610 F.2d at 310–11).

 "This is not only a permissible practice but also a common one."  *Id.* (quoting *United States v. Howard*, 742 F.3d 1334, 1343 n.3 (11th Cir. 2014)) ("Prosecutors can and frequently do . . . charge alternative elements in the conjunctive and prove one or more of them in the disjunctive, which is constitutionally permissible."); *see also Simpson*, 228 F.3d at 1300.

**B9.2**
**On or About a Particular Date; Knowingly**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

## ANNOTATIONS AND COMMENTS

United States v. Creamer, 721 F.2d 342, 343 (11th Cir. 1983), "on or about" language upheld in case in which alibi defense was used by the defendant; the court "rejected the contention that time becomes a material element of a criminal offense merely because the defense of alibi is advanced." *See also United States v. Reed*, 887 F.2d 1398 (11th Cir. 1989), *reh'g denied*, 891 F.2d 907 (1989), *cert. denied*, 493 U.S. 1080, 110 S. Ct. 1136, 107 L. Ed. 2d 1041 (1990).

**B9.1A**
**On or About; Knowingly; Willfully – Generally**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

[The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.]

**ANNOTATIONS AND COMMENTS**

The Definition of willfulness in this instruction can be used in most cases where willfulness is an element. For crimes requiring a particularized knowledge of the law being violated, such as tax and currency-structuring cases, use 9.1B's definition of willfulness.

The committee in its most recent revisions to the pattern instructions has changed the approach to how "willfully" should be charged in the substantive offenses which include it as an essential element of the offense. The previous editions of the pattern instructions included the following definition that historically has been used in most cases:

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law

forbids; that is to say, with bad purpose either to disobey or disregard the law.

Although this definition has been useful as a general definition that encompasses many different aspects of the legal concept of "willfulness" in a concise and straightforward manner, the Committee has concluded, along with every other Circuit Pattern Instruction Committee that has considered the issue, that the definition is not accurate in every situation. A review of the case law reveals how the courts have struggled with the meaning of "willfulness" as a *mens rea* requirement for substantive criminal offenses. *See Bryan v. United States*, 524. U.S. 184, 189-92, 114 S. Ct. 1939, 1944-45 (1998) ("The word 'willfully' is sometimes said to be 'a word of many meanings' whose construction is often dependent on the context in which it appears." (citing *Spies v. United States*, 317 U.S. 492, 497, 63 S. Ct. 364, 367 (1943))); *see also Ratzlaf v. United States*, 510 U.S. 135, 140-41, 114 S. Ct. 655, 659 (1994); *United States v. Phillips*, 19 F.3d 1565, 1576-84 (11ᵗʰ Cir. 1994) (noting the difficulty in defining "willfully" and discussing the term in various contexts), amended to correct clerical errors, 59 F.3d 1095 (11ᵗʰ Cir. 1995); *United States v. Granda*, 565 F.2d 922, 924 (5ᵗʰ Cir. 1978) (noting, *inter alia*, that "willfully" has defied any consistent interpretation by the courts"); *see generally United States v. Bailey*, 444 U.S. 394, 403, 100 S. Ct. 624, 631 (1980) ("Few areas of criminal law pose more difficulty that the proper definition of the *mens rea* requirement for any particular crime.").

Based on the case law, the Committee has concluded that the criminal offenses that expressly include "willfulness" as an essential element can be divided into two broad categories. For the first category (Instruction 9.1A, which encompasses most offenses) "willfully" is defined to require that the offense be committed voluntarily and purposely with the intent to do something unlawful. However, the person need not be aware of the specific law or rule that his or her conduct may be violating. This definition is narrower than the traditional definition that has been used in our pattern charges in the past, but the Committee believes that this narrower definition is required under the law. *See, e.g. Bryan v. United States*, 524 U.S. 184, 118 S. Ct. 1939 (1998) (holding that the term "willfully" in 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D) requires proof that the defendant knew that his conduct was generally unlawful, but does not require that the defendant knew of the specific licensing requirement that he was violating).

The second category of criminal offenses that have "willfulness" as an essential element have a heightened *mens rea* requirement. For this limited class of offenses, the Government must prove more than the defendant knew that his conduct was done with a bad purpose to disobey the law in general. The Government must prove that the defendant had an intent to violate a known legal duty, that is with the *specific* intent to do something the law forbids. For

these offenses, the Committee recommends that the definition of "willfully" in Instruction 9.1B be given to the jury. These offenses include currency structuring statutes and certain tax laws, which tend to involve "highly technical statutes that present the danger of ensnaring individuals engaged in apparently innocent conduct." *Bryan*, 118 S. Ct. at 1946 – 47. For example, *see Ratzlaf v. United States*, 114 S. Ct. 655 (1994) (holding that with respect to 31 U.S.C. § 5322(a) and the monetary transaction provisions that it controls, the Government must prove that the defendant acted willfully, *i.e.*, with specific knowledge that the structuring of currency transactions in which he was engaged was unlawful); *see also Cheek v. United States*, 111 S. Ct. 604, 609-10 (1991) (explaining that due to the complexity of tax laws, there is an exception to the general rule that "ignorance of the law or a mistake of law is no defense to criminal prosecution," and "[t]he term 'willfully' [as used in certain federal criminal tax offenses] connot[es] a 'voluntary, intentional violation of a known legal duty'" (citing *United States v. Pomponio*, 429 U.S. 10, 12, 97 S. Ct. 22, 23 (1976) and *United States v. Bishop*, 412, U.S. 346, 360-61, 93 S. Ct. 2008, 2017 (1973))). In *Cheek*, the Supreme Court found error in the trial court's instruction to the jury that in order for the defendant's belief that he was not violating the law to be a defense, his good-faith belief must have been objectively reasonable. The Court further explained, however, that "a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury, and, if they are, an instruction to disregard them would be proper." *Cheek*, 498 U.S. at 206, 111 S. Ct. at 613.

The Committee observes that the required mental state may be different even for different elements of the same crime. This possibility should be considered when determining what definition of *mens rea* should be charged. *See Liparota v. United States*, 471 U.S. 419, 423, 105 S. Ct. 2084, 2087 n.5 (1985).

Note: If the Defendant raises a good faith defense, it may be appropriate to give Special Instruction 9 [Good Faith Defense to Willfulness (as under the Internal Revenue Code)], Special Instruction 18 [Good Faith Reliance Upon Advice of Counsel].

**O36**
**False Statement to a Federal Agency**
**18 U.S.C. § 1001**

It's a Federal crime to willfully make a false or fraudulent statement to a department or agency of the United States.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant made the statement, as charged;

(2) the statement was false;

(3) the falsity concerned a material matter;

(4) the Defendant acted willfully, knowing that the statement was false; and

(5) the false statement was made or used for a matter within the jurisdiction of a department or agency of the United States.

A statement document is "false" when made if it is untrue when made and the person making it knows it is untrue. The Government doesn't have to show that the Governmental agency or department was, in fact, deceived or misled.

The Federal Bureau of Investigation is an agency of the United States.

The making of a false statement is not a crime unless the falsity relates to a "material" fact.

A "material fact" is an important fact – not some unimportant or trivial detail – that has a natural tendency to influence or is capable of influencing a decision of a department or agency in reaching a required decision.

## ANNOTATIONS AND COMMENTS

18 U.S.C. § 1001(a) provides:

> … [W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully - - (1) falsifies… a material fact; (2) makes any materially false, fictitious or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry [shall be guilty of an offense against the United States.]

Maximum Penalty: Five (5) years imprisonment and applicable fine.

The enumeration of the elements of the offense is taken from *United States v. Calhoon*, 97 F.3d 518, 523 (11th Cir. 1996).

In *Arthur Pew Const. Co. v. Lipscomb*, 965 F.2d 1559, 1576 (11th Cir. 1992), the court held that misrepresentation for purposes of § 1001 must be deliberate, knowing, and willful, or at least have been made with a reckless disregard of the truth and a conscious purpose to avoid telling the truth.

In *United States v. Gaudin*, 515 U.S. 506, 115 S. Ct. 2310, 132 L. Ed. 2d 444 (1995), the Supreme Court held that the materiality of a false statement under this section is a jury question, and that failure to submit the question of materiality to the jury constitutes reversible error. *See United States v. Klais*, 68 F.3d 1282, 1283 (11th Cir. 1995) (recognizing holding). The Eleventh Circuit has held that for a conviction to be sustained under § 1001, "it is imperative that the writing or document be 'false.'" *United States v. Blankenship*, 382 F.3d 1110, 1132 (11th Cir. 2004). Where the writing or document at issue is a contract, the Court of Appeals further held that there are only two ways in which a contract can possibly be considered false: (1) where a person forges or alters it, or (2) where it contains "factual misrepresentations." *Id.*

The materiality definition is adopted from *Gaudin*, 115 S. Ct. at 2313, and *United States v. Lichenstein*, 610 F.2d 1272 (5th Cir. 1980). *See United States v. Grizzle*, 933 F.2d 943, 948 (11th Cir. 1991); *United States v. Herring*, 916 F.2d 1543, 1547 (11th Cir. 1990); *United States v. Gafyczk*, 847 F.2d 685, 691 (11th Cir. 1988).

The "exculpatory no" doctrine as an exception to the scope of the offense (*see United States v. Payne*, 750 F.2d 844, 861 (11th Cir. 1985)) was repudiated by the Supreme Court in *Brogan v. United States*, 522 U.S. 398, 118 S. Ct. 805, 139 L. Ed. 2d 830 (1998).

The committee believes that the general definition of "willfully" in Basic Instruction 9.1A would usually apply to this crime.

**G1**
**Destruction, Alteration, or Falsification of Records in a Federal
Investigation
18 U.S.C. § 1519**

It is a Federal crime for anyone to knowingly alter, destroy, mutilate, conceal, cover up, with the intent to impede, obstruct, and influence the investigation of the proper administration of a matter within the jurisdiction of any department or agency of the United States.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:     That the defendant knowingly altered, destroyed, mutilated, concealed, or covered up a record or document;

Second:   That the defendant acted with the intent to impede, obstruct, or influence the investigation or the proper administration of a federal criminal grand jury investigation; and

Third:    That the matter was within the jurisdiction of the Federal Bureau of Investigation and the Department of Justice, an agency and department of the United States.

There is no requirement that the matter or investigation have been pending or imminent at the time of the obstruction, but only that the acts were taken in relation to or in contemplation of any such matter or investigation.

The government is not required to prove that the defendant specifically knew the matter or investigation was within the jurisdiction of a department or

agency of the United States. In other words, you need not find the defendant

knew he was obstructing, impeding, or influencing a matter that was federal in

nature.

## ANNOTATIONS AND COMMENTS

S1 Modern Federal Jury Instructions-Criminal 2.65 (2022)
Destroying, Altering, Or Falsifying A Document In A Federal Investigation
18 U.S.C. § 1519. Fifth Circuit.

**B10.2**
**Caution: Punishment**
**(Single Defendant, Multiple Counts)**

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

<u>ANNOTATIONS AND COMMENTS</u>

There may be cases in which the last sentence of the first paragraph of this instruction is inappropriate and should be deleted. This may occur, for example, in prosecutions under 18 U.S.C. § 1962 (RICO offenses) or 21 U.S.C. § 848 (Continuing Criminal Enterprise offenses) where the indictment is structured so that a conviction of one count or counts (sometimes called "predicate offenses") is necessary to a conviction of another count or counts.

**S2.1**
**Confession or Statement of a Single Defendant**

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.

## ANNOTATIONS AND COMMENTS

*See United States v. Clemons*, 32 F.3d 1504, 1510 (11th Cir. 1994), *cert. denied*, 115 S. Ct. 1801, 131 L. Ed. 2d 728 (1995).

**T3**
**Explanatory Instruction**
**Transcript of Tape Recorded Conversation**

Members of the Jury: Exhibit _____ has been identified as a typewritten transcript of the oral conversation heard on the tape recording received in evidence as Exhibit _____.

I've admitted the transcript for the limited and secondary purpose of helping you follow the content of the conversation as you listen to the tape recording.]

But you are specifically instructed that whether the transcript correctly reflects the content of the conversation is entirely for you to decide based on your own evaluation of the testimony you have heard about the preparation of the transcript, and from]your own examination of the transcript in relation to hearing the tape recording itself as the primary evidence of its own contents.

If you determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

<u>**ANNOTATIONS AND COMMENTS**</u>

*United States v. Nixon*, 918 F.2d 895 (11th Cir. 1990), held that transcripts are admissible in evidence, including transcripts that purport to identify the speakers, and specifically approved the text of this instruction as given at the time the transcripts were offered and received.

36

**S5**
**Note-taking**

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

**B11**
**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

<u>ANNOTATIONS AND COMMENTS</u>

*See United States v. Brokemond*, 959 F.2d 206, 209 (11th Cir. 1992). *See also United States v. Cook*, 586 F.2d 572 (5th Cir. 1978), *reh'g denied*, 589 F.2d 1114 (1979), *cert. denied*, 442 U.S. 909, 99 S. Ct. 2821, 61 L. Ed. 2d 274 (1979); *United States v. Dunbar*, 590 F.2d 1340 (5th Cir. 1979).

**B12**
**Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

<u>**ANNOTATIONS AND COMMENTS**</u>

*United States v. Norton*, 867 F.2d 1354, 1365-66 (11th Cir. 1989), *cert. denied*, 491 U.S. 907, 109 S. Ct. 3192, 105 L. Ed. 2d 701 (1989) and 493 U.S. 871, 110 S. Ct. 200, 107 L. Ed. 2d 154 (1989) notes that the Court should not inquire about, or disclose, numerical division of the jury during deliberations but states that "[r]eversal may not be necessary even where the trial judge undertakes the inquiry and thereafter follows it with an *Allen* charge, absent a showing that either incident or a combination of the two was inherently coercive." See *United States v. Brokemond*, 959 F.2d 206, 209 (11th Cir. 1992). *See also United States v. Cook*, 586 F.2d 572 (5th Cir. 1978), *reh'g denied*, 589 F.2d 1114 (1979), *cert. denied*, 442 U.S. 909, 99 S. Ct. 2821, 61 L. Ed. 2d 274 (1979).

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 8th day of July, 2022.

Respectfully submitted,

DAVID H. ESTES
UNITED STATES ATTORNEY

*/s/ Patricia Green Rhodes*
Patricia Green Rhodes
Chief, Criminal Division
Assistant United States Attorney
Georgia Bar No. 307288
United States Attorney's Office
Southern District of Georgia
P.O. Box 2017
Augusta, GA  30903
(706) 724-0517
Email: patricia.rhodes@usdoj.gov

*/s/ Tara M. Lyons*
Tara M. Lyons
Deputy Chief, Criminal Division
Assistant United States Attorney
South Carolina Bar No. 16573
United States Attorney's Office
Southern District of Georgia
P.O. Box 2017
Augusta, Georgia 30903
T: (706) 724-0517
tara.lyons@usdoj.gov