UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:21-CR-048 |
| | ) | |
| SAMMIE LEE SIAS | ) | |

## Government's Motion in Limine to Exclude Potential Witness's Criminal Conviction

Now comes the United States of America, by and through David H. Estes, United States Attorney for the Southern District of Georgia, and the undersigned Assistant United States Attorneys, and files the following Motions in Limine. As set forth below, the Government moves the Court to exclude at trial evidence and argument related to a potential witness's criminal conviction.

Defendant, through counsel, has indicated that he intends to introduce conviction documents from a 2001 conviction for felony theft by taking for Ms. Willa Hilton (then Willa Mae Thomas). (Exhibit A). That conviction, in Richmond County Superior Court, case number 00RCCR1303, was discharged in 2005 under the Georgia First Offender Act. (Exhibit B). In other words, Ms. Hilton was not formally convicted of that charge, and she is not a felon. Defendant should be precluded from admitting the conviction documents into evidence and from referencing the charge during opening statements or questioning of any witness, for the following reasons.

As an initial matter, this conviction is clearly irrelevant to this case under Federal Rule of Evidence 402 unless Ms. Hilton is called as a witness. Defendant has indicated that Ms. Hilton is under subpoena and will be called as a witness.

If Defendant does call Ms. Hilton as a witness, the only way the conviction may be introduced is for the purpose of impeachment under Federal Rule of Evidence 609. The conviction is inadmissible under that rule. First, "[i]t is established in [the Eleventh] Circuit . . . that crimes such as theft, robbery, or shoplifting do not involve 'dishonesty or false statement' within the meaning of Rule 609(a)(2)." *United States v. Sellers*, 906 F.2d 597, 603 (11th Cir. 1990). Second, under F.R.E. 609(b)(1), evidence of a conviction more than ten years old is admissible only if its probative value substantially outweighs its prejudicial effect. Given that Ms. Hilton's conviction was discharged under the First Offender Act, is more than twenty years old, and does not demonstrate her lack of truthfulness, it cannot be more probative than prejudicial, and its introduction would only serve to mislead the jury and distract the jury from the determination of Defendant's guilt.

WHEREFORE, the government requests that the Court exclude all evidence and argument related to Willa Hilton's discharged theft conviction.

Respectfully submitted this 22nd day of July, 2022.

DAVID H. ESTES
UNITED STATES ATTORNEY

*s/ Patricia G. Rhodes*
Patricia G. Rhodes
Assistant United States Attorney
Chief, Criminal Division
Georgia Bar No. 307288
United States Attorney's Office
Southern District of Georgia
Post Office Box 2017
Augusta, Georgia 30903
T: (706) 826-4534
patricia.rhodes@usdoj.gov

*s/ Tara M. Lyons*
Tara M. Lyons
Assistant United States Attorney
Deputy Chief, Criminal Division
South Carolina Bar No. 16573
United States Attorney's Office
Southern District of Georgia
Post Office Box 2017
Augusta, Georgia 30903
T: (706) 826-4532
tara.lyons@usdoj.gov

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all parties in this case in accordance with the notice of electronic filing ("NEF"), which was generated as a result of electronic filing in this Court.

This 22nd day of July, 2022.

DAVID H. ESTES
UNITED STATES ATTORNEY

*s/ Tara M. Lyons*
Tara M. Lyons