**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

UNITED STATES OF AMERICA     *
                                   *
      v.                     *       CR 121-048
                                     *
SAMMIE LEE SIAS.                *

## Jury Instructions

### INTRODUCTION

Members Of The Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case. After I have completed these instructions you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

## THE DUTY TO FOLLOW INSTRUCTIONS AND THE PRESUMPTION OF INNOCENCE

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it - even if you do not agree with the law - and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant is not evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

## DEFINITION OF "REASONABLE DOUBT"

The Government's burden of proof is heavy, but it does not have to prove a Defendant's guilt beyond all <u>possible</u> doubt.  The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you have carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

**CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE;
ARGUMENT OF COUNSEL; COMMENTS BY THE COURT**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

## CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
- Did the witness appear to understand the questions clearly and answer them  directly?
- Did the witness's testimony differ from other testimony or other evidence?

## IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

**EXPERT WITNESS**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or expertise in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

## CHARACTER EVIDENCE

Evidence of a defendant's character traits may create a reasonable doubt.

You should consider testimony that a defendant is an honest and law-abiding citizen along with all the other evidence to decide whether the Government has proved beyond a reasonable doubt that the Defendant committed the offense.

## INTRODUCTION TO OFFENSE INSTRUCTIONS

The indictment charges two separate crimes, called "Count One" and "Count Two" against the Defendant. You'll be given a copy of the indictment to refer to during your deliberations.

Count One charges that on or about August 5, 2019, in Richmond County, within the Southern District of Georgia, the Defendant did knowingly alter, destroy, mutilate, conceal, and coverup records, documents and other objects, to wit, digital files belonging to Sandridge Community Association (SCA), which included invoices, spreadsheets, work orders, payments, agendas, minutes, financial reports and other documentation of Jamestown Community Center (Jamestown), Jamestown Special Purpose Local Option Sales Tax (SPLOST), SCA Board of Directors, SCA Summer Camp, with the intent to impede, obstruct, and influence the investigation and proper administration of a federal criminal grand jury investigation, a matter that the defendant knew was within the jurisdiction of the Department of Justice and Federal Bureau of Investigation, a department and agency of the United States. All in violation of Title 18, United States Code, Section 1519.

Count Two charges that on or about August 9, 2019, in Richmond County, within the Southern District of Georgia, the Defendant did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the Department of Justice, an agency of the United

States, by falsely and fraudulently representing to Special Agent Charles McKee of the Federal Bureau of Investigation, at the residence of the Defendant, in Hephzibah, Georgia, in the Southern District of Georgia, that the Defendant, had provided all electronic and paper files in his possession related to Sandridge Community Association and Jamestown. The statement and representation were false because, as the Defendant then and there knew, on August 5 and 6, 2019, the Defendant had not provided all electronic and paper files in his possession related to Sandridge Community Association and Jamestown and, instead, still possessed digital files belonging to Sandridge Community Association (SCA), which included invoices, spreadsheets, work orders, payments, agendas, minutes, financial reports and other documentation of Jamestown, Jamestown Special Purpose Local Option Sales Tax (SPLOST), SCA Board of Directors, SCA Summer Camp. All in violation of Title 18, United States Code, Section 1001. I will explain the law governing these offenses in a moment.

## CONJUNCTIVELY CHARGED COUNTS

Where a statute specifies multiple alternative ways in which an offense may be committed, the <u>indictment</u> may allege the multiple ways in the conjunctive, that is, by using the word "and."  If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

## ON OR ABOUT A PARTICULAR DATE; KNOWINGLY

You will see that the indictment charges that a crime was committed "on or about" a certain date. The Government does not have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

**CAUTION: PUNISHMENT**
**(SINGLE DEFENDANT, MULTIPLE COUNTS)**

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

## FALSE STATEMENT TO A FEDERAL AGENCY
## 18 U.S.C. § 1001

It's a Federal crime to willfully make a false or fraudulent statement to a department or agency of the United States.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant made the statement, as charged;

(2) the statement was false;

(3) the falsity concerned a material matter;

(4) the Defendant acted willfully, knowing that the statement was false; and

(5) the false statement was made or used for a matter within the jurisdiction of a department or agency of the United States.

A statement is "false" when made if it is untrue when made and the person making it knows it is untrue. The Government doesn't have to show that the Governmental agency or department was, in fact, deceived or misled.

The Federal Bureau of Investigation is an agency of the United States.

The making of a false statement is not a crime unless the falsity relates to a "material" fact.

A "material fact" is an important fact – not some unimportant or trivial detail – that has a natural tendency to influence or is capable of influencing a decision of a department or agency in reaching a required decision.

14

### DESTROYING, ALTERING, OR FALSIFYING A DOCUMENT IN A FEDERAL INVESTIGATION
### 18 U.S.C. § 1519

Title 18, United States Code, Section 1519 makes it a crime for anyone to knowingly alter, destroy, mutilate, conceal, or cover up records or documents with the intent to impede, obstruct, or influence the investigation of the proper administration of a matter within the jurisdiction of any department or agency of the United States.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant knowingly altered, destroyed, mutilated, concealed, or covered up a record or document;

Second: That the defendant acted with the intent to impede, obstruct, or influence the investigation or the proper administration of a federal criminal grand jury investigation; and

Third: That the matter was within the jurisdiction of an agency and department of the United States.

There is no requirement that the matter or investigation have been pending or imminent at the time of the obstruction, but only that the acts were taken in relation to or in contemplation of any such matter or investigation.

The government is not required to prove that the defendant specifically knew the matter or investigation was within the

jurisdiction of a department or agency of the United States. In other words, you need not find the defendant knew he was obstructing, impeding, or influencing a matter that was federal in nature.

## Theories of Defense

The Defendant asserts that the deletion of digital files alleged in this case does not satisfy the alteration, destruction, mutilation, concealment, or covering up required for him to be found guilty of the offense charged in Count One.

Additionally, the Defendant asserts that the Government has not met its burden to prove beyond a reasonable doubt that he had the specific mental states of "knowingly" and "intent to impede, obstruct, or influence" alleged in Count One and "willfully and knowingly" alleged in Count Two, which are required for him to be guilty of those offenses.

If, after considering all the evidence in this case, you have a reasonable doubt about whether the act alleged in Count One constitutes a knowing alteration, destruction, mutilation, concealment, or covering up required for him to be found guilty of that crime, or you have a reasonable doubt that the Defendant had the mental states required for Counts One and Two, you must find the Defendant not guilty of those offenses.

I remind you that the Defendant is on trial only for the specific crimes described in the indictment.  You're here to determine whether the government has met its burden to prove beyond a reasonable doubt that the Defendant is guilty of the specific crimes charged in the indictment.

## LIMITING INSTRUCTION

In certain instances, evidence may be admitted only for a particular purpose and not generally for all purposes. You heard testimony from certain government witnesses regarding the Defendant's access to and control over the Sandridge Community Association's finances. That evidence was admitted only to explain - if it does - whether the Defendant had a motive to commit the crimes outlined in the Indictment. For the purpose of determining the Defendant's guilt or innocence, you are only to concern yourself with the offenses alleged in the Indictment. For the limited purpose for which this evidence has been received you may give it such weigh as you feel it deserves. You may not, however, use this evidence for any other purpose not specifically mentioned.

### TRANSCRIPT OF TAPE-RECORDED CONVERSATION

Exhibit 26 was identified as a typewritten transcript of the oral conversation heard on the tape recording received in evidence as Exhibit 25. The transcript also purports to identify the speakers engaged in the conversation.

I admitted the transcript for the limited and secondary purpose of helping you follow the content of the conversation as you listened to the tape recording and also to help you identify the speakers.

But you are specifically instructed that whether the transcript correctly reflected the content of the conversation or the identity of the speakers is entirely for you to decide based on your own evaluation of the testimony you have heard about the preparation of the transcript, and from your own examination of the transcript in relation to hearing the tape recording itself as the primary evidence of its own contents.

If you determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

**NOTETAKING**

You have been permitted to take notes during the trial.  Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations.  You must not give your notes priority over your independent recollection of the evidence.  And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

## DUTY TO DELIBERATE

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**VERDICT**

When you get to the jury room, choose one of your members to act as foreperson.  The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room.  When you have all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it.  Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the Court Security Officer ("CSO").  The CSO will bring it to me and I will respond as promptly as possible – either in writing or by talking to you in the courtroom.  But I caution you not to tell me how many jurors have voted one way or the other at that time.