UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO: 1:21-CR-48 |
| | ) | |
| v. | ) | |
| | ) | |
| SAMMIE LEE SIAS | ) | |

**Government's Response to Defendant's Motion for Judgment of Acquittal or, in the Alternative, for New Trial**

Now comes the United States of America, by and through David H. Estes, United States Attorney for the Southern District of Georgia, and files the following Response.

After a four-day trial, a jury returned guilty verdicts against the defendant, Sammie Lee Sias, for violations of 18 U.S.C. § 1519, Destruction, Alteration, or Falsification of Records in a Federal Investigation (Count One), and 18 U.S.C. § 1001(a)(2), False Statement Made to a Department of the United States (Count Two).

The Defendant now moves for the entry of a judgment of acquittal notwithstanding the verdict pursuant to Fed. R. Crim. P. 29, or, in the alternative, for a new trial pursuant to Fed. R. Crim. P. 33(a).

## Rule 29

Rule 29 of the Federal Rules of Criminal Procedure provides for a judgment of acquittal if the government's evidence is insufficient to sustain a conviction. In considering a Rule 29 motion, the Court "must view the evidence in the light most favorable to the government, and determine whether a reasonable jury could have

1

found the defendant guilty beyond a reasonable doubt." *United States v. Miranda*, 425 F.3d 953, 959 (11th Cir. 2005) (internal quotation marks and citations omitted). "All reasonable inferences which tend to support the Government's case must be accepted. Any conflicts in the evidence must be resolved in the Government's favor." *United* States *v. Black*, 644 F.2d 445, 447 (5th Cir.), *reh'g denied and opinion modified*, 651 F.2d 392 (5th Cir. 1981). Indeed, the Court may neither weigh the evidence nor assess the credibility of witnesses. *Burks v. United States*, 437 U.S. 1, 16 (1978). The Court's inquiry must focus solely on the sufficiency of the evidence—allegations of error are irrelevant. *Miranda*, 425 F.3d at 962.

Moreover, "the court assumes the truth of the evidence offered by the prosecution" when a motion for judgment of acquittal is made after a verdict of guilty. *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985).

Under Rule 29, a defendant carries a "heavy burden" in challenging the sufficiency of evidence. See *United States v. McCarrick*, 294 F.3d 1286, 1290 (11th Cir. 2002); *United States v. Evans*, 149 F. Supp. 2d 1331, 1336, 1345 (M.D. Fla. 2001) (in considering the defendants' post-trial motions for judgment of acquittal, the trial court noted that the defendants have the burden to establish that no reasonable jury could have found them guilty beyond a reasonable doubt), *aff'd in part, vacated in part on other grounds*, 344 F.3d 1131 (11th Cir. 2003); see also *United States v. Irving*, 452 F.3d 110, 119 (2d Cir. 2006) (holding that the trial court did not err in denying the defendant's Rule 29 motion and noting that defendant did not meet his "weighty" burden).

Relating to Count One, the Defendant argues that his case is similar to *United States v. Katakis*, 800 F.3d 1017, 1020 (9th Cir. 2015), in which Katakis moved emails from an email client's inbox to the deleted items folder. The court in *Katakis* concluded that moving an email from one folder to another did not demonstrate actual concealment within the meaning of § 1519.

The Government asserts that the instant case is more analogous to *United States v. Davis*, 855 F. App'x 362. (9th Cir. 2021). "For actual concealment to exist, 'there must be some likelihood that the item will not be found in the course of a cursory examination (without using forensic tools) of a defendant's computer.' Stated differently, '[a]ctual concealment must do more than merely inconvenience a reasonable investigator—there must be some likelihood that the item will not be found.'" *Id.* (citations omitted).

In *Davis*, the defendant deleted from his cellphone an original photograph that "could not be readily recovered without use of forensic tools." *Id* at 364. At trial, the testimony provided by the Government proved that the Defendant Sias "alter[ed], destroy[ed], mutilate[d], conceal[ed] or cover[ed] up" files from his HP Laptop computer and that those files were not recoverable to their original form without the use of forensic tools. FBI Special Agent Charles McKee testified that after reviewing the HP laptop computer he could not locate files that appeared to have been viewed recently. SA McKee attempted to find the source of the recently-viewed items, but did not find the files in any viewable locations. SA McKee further testified that in an effort to locate the recently viewed files he requested expert

assistance from the FBI Computer Analysis Response Team (CART). Charles McStotts, CART forensic examiner, testified that he used a software available to CART called Forensic Tool Kit (FTK) in order to examine the digital devices submitted by SA McKee. Mr. McStotts further testified that he located the deleted files only by reviewing past snapshots of the HP laptop computer in the Volume Shadow Copy – a section of the computer which was not discoverable upon a cursory look by SA McKee but only after Mr. McStott's employed forensic tools.

The defendant asserts that the deleted files were recoverable by a Microsoft Windows recovery process without the use of forensic tools. However, that position is not supported by the testimony of SA McKee or Mr. McStotts. Furthermore, the defendant ignores that the deleted files that were recovered from the Volume Shadow Copy were markedly different from the original files deleted by Sias; hence those files were "alter[ed], destroy[ed], mutilate[d], conceal[ed] or cover[ed] up." (See Gov't Trial Ex 40 and 41).

When viewed in the light most favorable to the Government, the jury rejected the defense's position that the files were always present and recoverable and accepted the Government's position that the files were deleted and even if restored were altered or mutilated and not in the same condition as when they were deleted by Sias.

As to Count 2 of the indictment, the defendant fails to specifically set forth how the evidence presented at trial was insufficient to sustain a conviction. The Government offered the recorded statement of the defendant (Trial Exhibit 25) in

which Sias tells SA McKee that he has turned over "all the electronic gear" in response to McKee's question: "[Y]ou gave us all of the electronic files and paper files that you had?"

In this case, the Court properly instructed the jury on the elements of the offenses of Destruction, Alteration, or Falsification of Records in a Federal Investigation (Count One) and False Statement Made to a Department of the United States (Count Two), credibility of witnesses, and reasonable doubt, among other instructions. (See Doc 79). The jury found that the evidence was sufficient beyond a reasonable doubt to satisfy the elements of both crimes charged and rendered guilty verdicts as to Counts One and Two.

In summary, in assessing the sufficiency of the evidence, the Court does not weigh the evidence, consider the credibility of the witnesses, or substitute its own judgment for the judgment of the jury. The Court should only consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 US 307, 318-19 (1979). The Court should "assume[] the truth of the evidence offered by the prosecution." *See United States v. Connery*, 867 F. 2d 929, 930 (6th Cir. 1989). Here, the Defendant cannot meet its "heavy burden" in his sufficiency of evidence challenge to overturn his conviction on Counts 1-2 of the Indictment.

## Rule 33

Pursuant Federal Rule of Criminal Procedure 33, a district court may grant a new trial upon a defendant's motion "if the interest of justice so requires." Fed. R. Crim. P. 33(a).  Notably, "motions for new trial are highly disfavored in the Eleventh Circuit" and "should be granted only with great caution." *United States v. Spellissy*, 346 F. App'x 446, 451 (11th Cir. 2009); *United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003).

The standard for a Rule 33 motion for new trial is whether the jury's verdict is contrary to the great weight of the evidence. *See United States v. Martinez*, 763 F.2d 1297 (11th Cir. 1985). "Motions for new trials based on weight of the evidence are not favored. Courts are to grant them sparingly and with caution, doing so only in those really exceptional cases," not simply because "it feels some other result would be more reasonable. The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id*. at 1312-13 (internal quotation marks and citations omitted). Furthermore, courts granting new trial motions based on weight of the evidence do so "only where the credibility of the government's witnesses had been impeached and the government's case had been marked by uncertainties and discrepancies." *Id*.

Courts have interpreted the Rule 33 to require a new trial "in the interests of justice" in situations in which the substantial rights of the defendant have been jeopardized by errors or omissions during trial.  This is not such a case.

**The SPLOST Evidence**

The Defendant asserts that the SPLOST evidence (vendor witnesses, forensic account, purchases and receipts) "had no bearing on Counts One and Two" and was "unfairly prejudicial." (Doc 81 at 6). The Defendant misses the mark.

The SPLOST evidence in this case was admissible for at least two reasons. First, Count One of the Indictment requires that the Government prove the crime was committed "with in intent to impede, obstruct, and influence [an] investigation… that the defendant knew was within the jurisdiction of the Department of Justice and the [FBI]. In this case, since the defendant was charged with committing obstruction by deleting certain records, it was necessary to show the jury that the deleted records were relevant to the crime under investigation. Otherwise, the jury is left to speculate why the specific deletions were material to the investigation mattered. For example, deletion of a file named "Invoices SPLOST VI 150K" is meaningless to a jury unless they understand that SA McKee was investigating the spending of SPLOST money by Sias. The SPLOST testimony explains not only why Sias deleted certain files and not others but why Sias deleted the files at that time.

Second, the SPLOST evidence was relevant and probative as to Sias's motive to delete records. *United States v. Hill*, 643 F.3d 807, 843 (11th Cir. 2011) ("[M]otive is always relevant in a criminal case, even if it is not an element of the crime." (quoting *United States v. Sriyuth*, 98 F.3d 739, 747 n. 12 (3d Cir. 1996)); *United States v. Day*, 591 F.2d 861, 874–75 (D.C.Cir. 1978) ("Motive is a state of mind ... showing the probability of appropriate ensuing action [and] it is always relevant." (quoting 1

7

Wigmore on Evidence § 118 at 558, 561 (3d ed. 1940))); *United States v. Jackson*, 688 F. App'x 685, 694 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 648, 199 L. Ed. 2d 530 (2018) ("The evidence also supplied a clear motive for why Defendant Jackson, as Chief, appointed Majzoub in exchange for bribes. Jackson's bank records demonstrate that, for years, he was often woefully short on cash."); *United States v. Sanford Ltd.*, 878 F. Supp. 2d 137, 146 (D.D.C. 2012) (denying motion in limine seeking to prevent the Government from discussing the alleged monetary proceeds from a scheme).

The Government was entitled to provide evidence to the jury to explain why the Defendant, and no one else, had the motive to delete the files in question. The jury was entitled to know the impact of Sias deleting thousands of files and then lying to the FBI about that act. They were entitled to understand that the FBI was legitimately investigating the propriety of SPLOST expenditures by the defendant and that the deleted files were material and relevant to a review of the SPLOST expenditures by the defendant.

The Government did not provide every single expenditure made by the defendant; the Government simply provided the jury with a few examples of SPLOST expenditures so that the jury would understand why the defendant deleted the records. The Government introduced a limited set of financial transactions to focus on a critical and highly contentious issue at trial—who was responsible for the fraud and why that person would delete and lie about evidence related to those financial transactions.

The defendant asserts that the failure to designate the FBI Forensic Accountant as an expert should result in a new trial but fails to explain why this is so. The forensic account never gave expert opinion testimony because she was unable to draw an expert opinion due to the lack of records – which was the point of her testimony. The defendant fails to explain how not qualifying the accountant as an expert renders the jury's verdict is contrary to the great weight of the evidence.

**September 2019 Subpoena**

The Defendant asserts that the testimony regarding a subpoena served on the Defendant in September was highly prejudicial and lacked probative value. To the contrary, the subpoena served on the Defendant on September 9, 2019 (Gov't Ex 30) sought specific files whose names were highly relevant to the FBI's investigation. The FBI gave the defendant every opportunity to turn over relevant materials.

The Defense has again failed to demonstrate how this evidence renders the jury's verdict contrary to the great weight of the evidence and how this evidence preponderates heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Martinez* at 1312-13.

Courts have interpreted the Rule 33 to require a new trial "in the interests of justice" in situations in which the substantial rights of the defendant have been jeopardized by errors or omissions during trial. The introduction of the September subpoena was not error and its introduction does not merit a new trial.

**404b and Local Rule 16.2**

The Defendant asserts that the Government presented evidence about the SPLOST funds without providing notice required by FRE 404(b) and Local Rule 16.2. This argument fails because 1) the facts of the underlying investigation were inextricably intertwined with and/or necessary to prove the facts of the Government's case-in-chief and 2) the Government filed a motion in limine to admit this evidence. (Doc. 51)

WHEREFORE, the government requests that the Court deny the Defendant's Motion for a Judgement of Acquittal and Motion for New Trial in the instant case.

Respectfully submitted, this 26th$^{st}$ day of August, 2022.

DAVID H. ESTES
UNITED STATES ATTORNEY

*s/ Patricia G. Rhodes*
Patricia G. Rhodes
Assistant United States Attorney
Chief, Criminal Division
Georgia Bar No. 307288
United States Attorney's Office
Southern District of Georgia
Post Office Box 2017
Augusta, Georgia 30903
T: (706) 826-4534
patricia.rhodes@usdoj.gov

*s/ Tara M. Lyons*
Tara M. Lyons
Assistant United States Attorney
Deputy Chief, Criminal Division
South Carolina Bar No. 16573
United States Attorney's Office
Southern District of Georgia
Post Office Box 2017
Augusta, Georgia 30903
T: (706) 826-4532
tara.lyons@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all parties in this case in accordance with the notice of electronic filing ("NEF"), which was generated as a result of electronic filing in this Court.

This 26th day of August, 2022.

                                    DAVID H. ESTES
                                    UNITED STATES ATTORNEY

                                  /s/ Patricia Green Rhodes
                                  Assistant United States Attorney