UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO:  1:21-CR-48 |
| | ) | |
| v. | ) | |
| | ) | |
| SAMMIE LEE SIAS | ) | |

**Government's Response to Defendant's Supplemental Motion for Judgment of Acquittal or, in the Alternative, for New Trial (Doc. 109)**

Now comes the United States of America, by and through Jill E. Steinberg, United States Attorney for the Southern District of Georgia, and files the following Response.

After a four-day trial, a jury returned guilty verdicts against the defendant, Sammie Lee Sias, for violations of 18 U.S.C. § 1519, Destruction, Alteration, or Falsification of Records in a Federal Investigation (Count One), and 18 U.S.C. § 1001(a)(2), False Statement Made to a Department of the United States (Count Two).

The Defendant now moves for the entry of a judgment of acquittal notwithstanding the verdict pursuant to Fed. R. Crim. P. 29, or, in the alternative, for a new trial pursuant to Fed. R. Crim. P. 33(a).

## Background

Sometime in 2019, the FBI began an investigation into possible theft or misuse of SPLOST (Special Purpose Local Option Sales Tax) funds by the Defendant. (Tr. at 440) The Defendant was the President of the Sandridge Community Association (SCA), which had received SPLOST funds for the purpose

1

of improvement of the Jamestown Community Center, owned by Augusta/Richmond County.  (Tr. at 208-211 and 729-730)  After approximately 20 years as President of the SCA, in 2019, the Defendant requested Dr. Jacqueline Fason to replace him as President of the SCA. (Tr. at 229 and 729-730)

On July 30, 2019, FBI Special Agent Charles McKee served Dr. Fason with a Federal Grand Jury subpoena for the records of SCA. Dr. Fason, in the presence of Agent McKee, called the defendant and read out to him the part of the subpoena that described the records being sought. (Tr. at 444) The Defendant acknowledged this call during his testimony at trial.  (Tr. at 771)

On August 5, 2019, at 5:50 pm Agent McKee personally served the Defendant with a Grand Jury Subpoena requesting bank records of SCA. (Tr. at 447-448) Also on August 5, 2019 beginning at 8:03 pm, the defendant began deleting files from the computer, which was seized from his house three days later.  (Tr. 104, 125, and 775)

On August 8, 2019, the FBI conducted a search warrant at the Defendant's house seeking documents and files relating to SCA.  On August 9, 2019, Agent McKee went to the Defendant's house to return some materials that the Defendant deemed confidential.  During this meeting Agent McKee asked the Defendant if he turned over all the materials relating to the GJ subpoena.  The Defendant indicated that he had turned over all responsive documents.  The Defendant did not indicate that he had deleted files.

On August 5, 2019 and on August 9, 2019, the two crimes charged in this case were complete.

On September 10, 2019,[1] Agent McKee served the defendant with another Grand Jury subpoena requesting, among other records and electronic files, very specific electronic records (Tr. at 474-475).  The defendant provided Agent McKee with two thumb drives, one on September 11 and one on September 12. (Tr. at 476 - 477).  While the thumb drives did contain documents relating to SCA, they did not contain the documents there were specifically named in the subpoena.  (Tr. at 477).

## The Defendant's Claims

Defendant requests a judgment of acquittal or, alternatively, a new trial based on two claims of ineffective assistance of counsel.  (Doc. 109 at 9)  First, the defendant asserts that on May 6, 2020, approximately eight months after the September 10, 2019 subpoena, he provided his lawyer, Troy Clark with a thumb drive containing documents that were responsive to the subpoena.  The Defendant claims that he instructed Mr. Clark to turn the thumb drive over to the FBI.  The Defendant speculates that had the thumb drive been turned over to the FBI, no criminal charges would have resulted and the failure to do so amounts to ineffective assistance of counsel.

Second, the Defendant claims that his lawyers were not adequately prepared for trial.

The Defendant prays that the Court "overturn the…conviction and grant his request for a new trial." (Doc 109 at 13)

---

[1] The subpoena was dated September 9, 2019, was served on September 10, 2019, and required a response by September 11, 2019.

3

## Legal Analysis

### Rule 29, Motion for Acquittal

Rule 29 of the Federal Rules of Criminal Procedure provides for a judgment of acquittal if the government's evidence is insufficient to sustain a conviction. In considering a Rule 29 motion, the Court "must view the evidence in the light most favorable to the government, and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Miranda*, 425 F.3d 953, 959 (11th Cir. 2005) (internal quotation marks and citations omitted). "All reasonable inferences which tend to support the Government's case must be accepted. Any conflicts in the evidence must be resolved in the Government's favor." *United* States *v. Black*, 644 F.2d 445, 447 (5th Cir.), *reh'g denied and opinion modified*, 651 F.2d 392 (5th Cir. 1981). Indeed, the Court may neither weigh the evidence nor assess the credibility of witnesses. *Burks v. United States*, 437 U.S. 1, 16 (1978). The Court's inquiry must focus solely on the sufficiency of the evidence—allegations of error are irrelevant. *Miranda*, 425 F.3d at 962.

Moreover, "the court assumes the truth of the evidence offered by the prosecution" when a motion for judgment of acquittal is made after a verdict of guilty. *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985).

Under Rule 29, a defendant carries a "heavy burden" in challenging the sufficiency of evidence. See *United States v. McCarrick*, 294 F.3d 1286, 1290 (11th Cir. 2002); *United States v. Evans*, 149 F. Supp. 2d 1331, 1336, 1345 (M.D. Fla. 2001) (in considering the defendants' post-trial motions for judgment of acquittal, the trial

4

court noted that the defendants have the burden to establish that no reasonable jury could have found them guilty beyond a reasonable doubt), *aff'd in part, vacated in part on other grounds*, 344 F.3d 1131 (11th Cir. 2003); see also *United States v. Irving*, 452 F.3d 110, 119 (2d Cir. 2006) (holding that the trial court did not err in denying the defendant's Rule 29 motion and noting that defendant did not meet his "weighty" burden).  Notably, the Defendant's motion does not appear to allege any insufficiency of the evidence.  He does not indicate the particular charge or the specific elements which were supposedly not supported by sufficient evidence.

To the contrary, overwhelming evidence supported Defendant's guilt.  Count One of the indictment charges that on August 5, 2019, the Defendant committed an offense in violation of 18 U.S.C. § 1519, Destruction, Alteration, or Falsification of Records in a Federal Investigation.  Count Two of the indictment alleges that on August 9, 2019, the Defendant committed an offense in violation of and 18 U.S.C. § 1001(a)(2), False Statement Made to a Department of the United States.  All of the criminal conduct in this case pre-dates the September 9, 2019 subpoena Defendant complains about in his motion.

At trial, the testimony provided by the Government proved that the Defendant Sias "alter[ed], destroy[ed], mutilate[d], conceal[ed] or cover[ed] up" files from his HP Laptop computer on August 5, 2019.  Even if the thumb drive alleged in Defendant's motion contained all of the deleted files, this does not change the fact that the Defendant deleted those files on August 5, 2019 at 8:03 pm.

5

When viewed in the light most favorable to the Government, the jury accepted the Government's position that the files were deleted by Sias.

Similarly, as to Count Two of the indictment, Sias made the false statement to Agent McKee on August 9, 2019. As described in his motion, providing a thumb drive in May 2020 to his lawyer does not negate the false statement made in August 2019. If anything, it corroborates he provided false information to the FBI agent.

In this case, the Court properly instructed the jury on the elements of the offenses of Destruction, Alteration, or Falsification of Records in a Federal Investigation (Count One) and False Statement Made to a Department of the United States (Count Two), credibility of witnesses, and reasonable doubt, among other instructions. (See Doc 79). The jury found that the evidence was sufficient beyond a reasonable doubt to satisfy the elements of both crimes charged and rendered guilty verdicts as to Counts One and Two.

In summary, in assessing the sufficiency of the evidence, the Court does not weigh the evidence, consider the credibility of the witnesses, or substitute its own judgment for the judgment of the jury. The Court should only consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 US 307, 318-19 (1979). The Court should "assume[] the truth of the evidence offered by the prosecution." *See United States v. Connery*, 867 F. 2d 929, 930 (6th Cir. 1989). Here, the Defendant cannot meet its "heavy

burden" in his sufficiency of evidence challenge to overturn his conviction on Counts 1-2 of the Indictment.[2]

## Rule 33, Motion for New Trial

As an alternative to the Motion for Acquittal, the Defendant also filed a motion for new trial pursuant Federal Rule of Criminal Procedure 33 on the basis of ineffective assistance of counsel (IAC).  A district court may grant a new trial upon a defendant's motion "if the interest of justice so requires." Fed. R. Crim. P. 33(a). Notably, "motions for new trial are highly disfavored in the Eleventh Circuit" and "should be granted only with great caution." *United States v. Spellissy*, 346 F. App'x 446, 451 (11th Cir. 2009); *United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003).  The standard for a Rule 33 motion for new trial is whether the jury's verdict is contrary to the great weight of the evidence. *See United States v. Martinez*, 763 F.2d 1297 (11th Cir. 1985). "The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id*. at 1312-13 (internal quotation marks and citations omitted).

In his motion, the Defendant requests a new trial based on two claims of ineffective assistance of counsel.  However, as one court in this district explains, Rule 33 is not the appropriate vehicle for raising infective assistance challenges:

> While th[e] Court has broad discretion in determining whether to grant a new trial, the Eleventh Circuit has stated that ineffective assistance claims are more appropriately brought through a 28 U.S.C. § 2255 motion. Recently, the Eleventh Circuit, in declining to review a district

---

[2] The only basis for a Rule 29 motion for a judgment of acquittal is sufficiency of the evidence; ineffective assistance of counsel claims are not included in the rule.  *See* Fed. R. Crim. P. 29; *see also United States v. Walter*, 484 F. Supp. 183, 185 n.2 (S.D. Ga. 1980) ("The only basis for a motion for a judgment of acquittal pursuant to Fed.R.Crim.P.29(a)is that 'the evidence is insufficient to sustain a conviction.'").

court's denial of a motion for new trial on the basis of ineffective assistance of counsel, stated that the record was insufficiently developed on the claim and that "[t]he preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion 'even if the record contains some indication of deficiencies in counsel's performance.' " *United States v. Campo,* 840 F.3d 1249, 1257 n.5 (11th Cir. 2016) (quoting *United States v. Patterson*, 595 F.3d 1324, 1328-29 (11th Cir. 2010)); see also *United States v. Cladek*, 561 F. App'x 837, 838 (11th Cir. 2014) (declining to review district court's denial of a motion for new trial and stating that "[c]laims of ineffective assistance of counsel should usually be raised in a 28 U.S.C. § 2255 motion."). The Court explained that "[w]e do not suggest that [the petitioner's] counsel was ineffective, but [he] may raise his claim in a 28 U.S.C. § 2255 motion if he so chooses and timely files it." *Id.*

Other courts, including the Supreme Court, have stated their preference for ineffective assistance of counsel claims to be brought as § 2255 motions. See *Massaro v. United States*, 538 U.S. 500, 504 (2003) ("The better-reasoned approach is to permit ineffective-assistance claims to be brought in the first instance in a timely motion in the district court under § 2255."); *United States v. LeRoy*, No. CR 16-0243, 2017 WL 2938199, at *3 (W.D. Pa. July 10, 2017) ("[T]he United States Court of Appeals for the Third Circuit has expressed an unmistakable preference that ineffective assistance of trial counsel claims be brought as collateral challenges under 28 U.S.C. § 2255, not as a Rule 33 motion for new trial or on direct appeal.") (citing *United States v. Kennedy*, 354 Fed. App'x. 632, 637 (3d Cir. 2009) and *United States v Garcia*, 516 Fed. App'x. 149, 151-52 (3d Cir. 2013)); *United States v. Bolton*, No. 2:16-CR-7-KS-MTP, 2017 WL 2844171, at *9 (S.D. Miss. July 3, 2017) (explaining that "the Fifth Circuit has held that a Rule 33 motion ... premised on newly discovered evidence is an improper vehicle for raising a claim of ineffective assistance of counsel" and noting that "defendants prejudiced by ineffective assistance of counsel already have a ready remedy in 28 U.S.C. § 2255" (internal quotation marks omitted) (quoting *United States v. Medina*, 118 F.3d 371 (5th Cir. 1997) and *United States v. Ugalde*, 861 F.2d 802, 807-09 (5th Cir. 1988))), aff'd, 908 F.3d 75 (5th Cir. 2018); *United States v. Chatman*, No. 18-CR-0166-CVE, 2019 WL 1749514, at *1 (N.D. Okla. Apr. 19, 2019) (denying a motion for new trial based on a claim of ineffective assistance of counsel in part because "claims of ineffective assistance of counsel ordinarily should be

8

presented to the district court in collateral proceedings rather than" a Rule 33 motion).

*United States v. Miller*, No. CR 4:18-169, 2019 WL 2090762, at *2–3 (S.D. Ga. May 13, 2019) (Wood, J.), *aff'd*, No. 20-10194, 2023 WL 155212 (11th Cir. Jan. 11, 2023).

The Government asserts that Sias' Motion for a New Trial based on IAC is better suited for a 28 U.S.C. § 2255 motion, where the parties can develop a record specifically on the issue of ineffective assistance of counsel.

WHEREFORE, the government requests that the Court deny the Defendant's Motion for a Judgement of Acquittal and Motion for New Trial in the instant case.

Respectfully submitted, this 18th day of May, 2023.

JILL E. STEINBERG
UNITED STATES ATTORNEY

***s/ Patricia Green Rhodes***
Patricia Green Rhodes
Assistant United States Attorney
Chief, Criminal Division
Georgia Bar No. 307288

***s/ Tara M. Lyons***
Tara M. Lyons
Assistant United States Attorney
First Assistant
South Carolina Bar No. 16573

CERTIFICATE OF SERVICE

This is to certify that I have on this day served all parties in this case in accordance with the notice of electronic filing ("NEF"), which was generated as a result of electronic filing in this Court.

This 18th day of May, 2023.

JILL E. STEINBERG
UNITED STATES ATTORNEY

***s/ Patricia Green Rhodes***
Patricia Green Rhodes
Assistant United States Attorney
Chief, Criminal Division
Georgia Bar No. 307288
United States Attorney's Office
Southern District of Georgia
Post Office Box 2017
Augusta, Georgia 30903
T: (706) 826-4534
patricia.rhodes@usdoj.gov