IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA     *
                             *
              v.             *        CR 121-048
                             *
SAMMIE LEE SIAS.             *

## O R D E R

Before the Court are Defendant Sammie Lee Sias's motion for judgment of acquittal under Federal Rule of Criminal Procedure 29, or in the alternative, motion for new trial under Federal Rule of Criminal Procedure 33, and supplemental motions for the same. (Docs. 81, 109.)  For the reasons set forth below, Defendant's motions are **DENIED**.

## I. BACKGROUND

On July 29, 2022, a jury convicted Defendant on two counts: (1) destruction, alteration, or falsification of records in a federal investigation in violation of 18 U.S.C. § 1519 and (2) false statement or representation made to a department or agency of the United States in violation of 18 U.S.C. § 1001(a)(2).  (Doc. 78.)  At the close of the Government's case, Defendant moved for a judgment of acquittal on all counts under Federal Rule of Criminal Procedure 29.  The Court denied his motion.

On August 12, 2022, Defendant's then counsel renewed Defendant's motion for judgment of acquittal and moved for a new

trial in the alternative.  (Doc. 81.)  That same day, Defendant filed a *pro se* motion for new counsel, which Magistrate Judge Brian K. Epps granted and appointed new counsel.  (Docs. 87, 88.) Defendant's new counsel was permitted to supplement, replace, or withdraw the previously filed motion for judgement of acquittal, or in the alternative, new trial.  (Doc. 88, at 1.)  On March 9, 2023, Defendant filed a supplemental motion for judgment of acquittal, or in the alternative, new trial.  (Doc. 109.)  The Court now addresses Defendant's motions and supplemental motions.

## II. MOTION AND SUPPLEMENTAL MOTION FOR JUDGMENT OF ACQUITTAL

The Court first addresses the Defendant's motions for judgment of acquittal.

### A. Legal Standard

A motion for judgment of acquittal should be granted only if "the evidence is insufficient to sustain a conviction" of the offense charged.  FED. R. CRIM. P. 29(a).  In considering a Rule 29 motion, "the trial court is required to determine whether, viewing all the evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." United States v. O'Keefe, 825 F.2d 314, 319 (11th Cir. 1987) (citations omitted).  The verdict must stand if there is substantial evidence to support it, that is, "unless no trier of fact could have found

2

guilt beyond a reasonable doubt." <u>United States v. Pineiro</u>, 389
F.3d 1359, 1367 (11th Cir. 2004) (citation and quotation marks
omitted).

**B. Analysis**

In Defendant's supplemental motion, he argues his former
counsel provided ineffective assistance during the pre-indictment,
pretrial, and trial phases of his case. (Doc. 109, at 1.) Based
on this, he asks the Court to "overturn [his] conviction and grant
his request for a new trial." (<u>Id.</u> at 13.) In response, the
Government argues (1) Defendant cannot meet the burden in
challenging the sufficiency of the evidence to overturn his
conviction on both counts of the Indictment and (2) the only basis
for a motion for judgment of acquittal is the sufficiency of the
evidence, not ineffective assistance of counsel. (Doc. 114, at 6-
7, 7 n.2 (citing FED. R. CRIM. P. 29; <u>United States v. Walter</u>, 484
F. Supp. 183, 185 n.2 (S.D. Ga. 1980)).) The Court agrees that
claims for ineffective assistance of counsel are not proper bases
for a motion for judgment of acquittal and therefore will only
address the arguments in Defendant's original motion.

In his original motion, Defendant argues "the [G]overnment
did not present sufficient evidence to convict the Defendant of
the crimes alleged in the Indictment." (Doc. 81, at 2.) Further,
he argues "even taken in the light most favorable to the
Government, there was insufficient evidence at trial to establish
beyond a reasonable doubt all of the elements of all of the crimes

alleged in the Indictment." (Id. at 3.)  The Government responded to Defendant's motion, arguing Defendant's contentions are without merit and the evidence at trial conclusively proved Defendant guilty on both counts of the Indictment.  (Doc. 84, at 3-5.)  The Court addresses the sufficiency of the evidence presented at trial for each count.

      1. <u>Count One – Destruction, Alteration, or Falsification of Records in a Federal Investigation</u>

To prove destruction, alteration, or falsification of records in a federal investigation, the Government had to prove beyond a reasonable doubt:

    (1)  the Defendant knowingly altered, destroyed, mutilated, concealed, or covered up a record or document;

    (2)  the Defendant acted with the intent to impede, obstruct, or influence the investigation or the proper administration of a federal criminal grand jury investigation; and

    (3)  the matter was within the jurisdiction of an agency and department of the United States.

18 U.S.C. § 1519.  The Court finds the Government met its burden of proof as to all elements of Count One.  As to element one, the Government presented the testimony of Federal Bureau of Investigation ("FBI") Special Agent Charles McKee who explained that Defendant's laptop contained a large number of deleted files and those files were unable to be located or recovered without assistance from the FBI Computer Analysis Response Team using forensic tools to restore, recreate, and recover deleted files.

As for element two, there was evidence that within 15 minutes of learning of the initial grand jury subpoena, Defendant made efforts to alter or conceal the files on his laptop. As for element three, FBI Special Agent Charles McStotts testified that this matter was part of an FBI investigation, and evidence was presented that the Department of Justice is an agency of the United States. As such, the evidence presented by the Government was sufficient for a reasonable trier of fact to find Defendant guilty beyond a reasonable doubt as to Count One.

> 2. <u>Count Two – False Statement or Representation Made to a Department or Agency of the United States</u>

To prove false statement or representation made to a department or agency of the United States, the Government had to prove beyond a reasonable doubt:

> (1)  the Defendant made the statement, as charged;
>
> (2)  the statement was false;
>
> (3)  the falsity concerned a material matter;
>
> (4)  the Defendant acted willfully, knowing that the statement was false; and
>
> (5)  the false statement was made or used for a matter within the jurisdiction of a department or agency of the United States.

18 U.S.C. § 1001(a)(2). Again, the Government provided sufficient evidence for Count Two. As to element one, the evidence by recording and by transcript demonstrated that on August 9, 2019, Defendant made a statement to Special Agent McKee that all

equipment containing the relevant documents had been handed over. As to element two, there was testimony that Defendant later handed over more equipment in September 2019 in response to a second subpoena. As to element three, Special Agent McKee and the FBI forensic accountant testified that the documents were material to their investigation of the use of the Special Purpose Local Option Sales Tax ("SPLOST") VI funds by Sandridge Community Association at the Jamestown Community Center. As to element four, there was testimony on the deletion of files and withholding of thumb drives despite Defendant's initial statement that he had handed over all equipment containing the relevant documents. This was circumstantial evidence that illustrated the willfulness of Defendant's action. As for element five, the false statements, other acts, and conducts by Defendant were made in response to FBI questions included as part of an investigation. As such, the evidence presented by the Government was sufficient for a reasonable trier of fact to find Defendant guilty beyond a reasonable doubt as to Count Two.

Accordingly, based on the analysis above, a reasonable trier of fact could find the evidence presented at trial established guilt beyond a reasonable doubt as to both counts, and Defendant's motion and supplemental motion for judgment of acquittal (Docs. 81, 109) are **DENIED**.

### III. MOTION AND SUPPLEMENTAL MOTION FOR A NEW TRIAL

The Court now turns to Defendant's motions for a new trial.

### A. Legal Standard

A motion for new trial must be granted "if the interest of justice so requires." FED. R. CRIM. P. 33(a). "Recognized grounds for a new trial include circumstances where substantial and prejudicial evidentiary errors were committed at trial." United States v. Rothwell, No. 3:17CR 112, 2018 WL 11251343, at *4 (N.D. Fla. June 18, 2018) (citing United States v. Hawkins, 905 F.2d 1489, 1493 (11th Cir. 1990)). Where the motion is based on evidentiary errors, the Court will only order a new trial where "a significant possibility exists that, considering the other evidence presented by both the prosecution and the defense, [the error] has a substantial impact upon the verdict of the jury." United States v. Riley, 434 F. App'x 818, 821 (11th Cir. 2011) (alterations adopted) (quoting United States v. Arbolaez, 450 F.3d 1283, 1290 (11th Cir. 2006)). But "where an error had no substantial influence on the outcome, and sufficient evidence uninfected by error supports the verdict, reversal is not warranted." Id.

### B. Analysis

In his supplemental motion, Defendant argues his former counsel provided ineffective assistance during the pre-indictment, pretrial, and trial phases of his case. (Doc. 109, at 1.) Based

on this, he asks the Court to "overturn [his] conviction and grant his request for a new trial." (Id. at 13.)   In response, the Government argues a motion for a new trial is "not the appropriate vehicle for raising ineffective assistance challenges," and the Court agrees. (See Doc. 114, at 7-9 (quoting United States v. Miller, No. CR 4:18-169, 2019 WL 2090762, at *2-3 (S.D. Ga. May 13, 2019), aff'd, No. 20-10194, 2023 WL 155212 (11th Cir. Jan. 11, 2023)).)   Therefore, only the arguments raised in Defendant's original motion for a new trial will be considered in the Court's analysis.

In his original motion, Defendant first argues the testimony of specific acts related to SPLOST funding was admitted over Defendant's objections at the pre-trial conference and trial. (Doc. 81, at 4-6.) According to Defendant, the Government "put up much of its evidence in a way that unfairly prejudiced the jury about matters that had no bearing on Counts One or Two for which Defendant was on trial." (Id. at 6.) As examples of evidence that was allegedly prejudicial, Defendant argues (1) the three vendor witnesses' testimonies that they emailed receipts to Defendant's email was not evidence that the emails or receipts were in existence on August 5, 2019 and then deleted by Defendant that night and (2) the FBI forensic accountant was not designated as an expert witness by the Government. (Id. at 6-8.) Second, Defendant argues he also objects to the FBI forensic accountant's testimony that she could not complete her job due to the lack of

receipts because "[t]he jury could not help but conflate receipts . . . with files" when there was no showing that "any files deleted were in fact receipts," and this conflation deprived him of a fair trial. (Id. at 8-9.)   Third, Defendant argues the evidence regarding the subpoenas served on him "had absolutely no probative value, was highly prejudicial, bolstering, and designed to make the [G]overnment to 'look like the good guy' in the eyes of the jury." (Id. at 9.)   Lastly, Defendant argues the evidence regarding the SPLOST funds was offered by the Government "without the notice required by [Federal Rule of Evidence] 404(b) and Local Rule 16.2." (Id. at 10.)   Defendant contends the only limiting instruction regarding the SPLOST evidence was given at the end of trial which "deprived Defendant of a fair trial on the specific charges in the indictment and warrants a new trial." (Id.)

In response, the Government argues the "SPLOST evidence (vendor witnesses, [FBI] forensic account[ant], purchases and receipts)" was admissible for two reasons: (1) "it was necessary to show the jury that the deleted records were relevant to the crime under investigation" and (2) "the SPLOST evidence was relevant and probative as to [Defendant]'s motive to delete records." (Doc. 84, at 7.)   As for the FBI forensic accountant and subpoena, the Government contends Defendant failed to demonstrate how not qualifying the accountant as an expert or evidence of the subpoena renders the jury's verdict contrary to the great weight of the evidence. (Id. at 9.)   Lastly, the

Government contends Defendant's argument relying on 404(b) and Local Rule 16.2 fails because the facts of the underlying investigation were "inextricably intertwined with and/or necessary to prove the facts of the Government's case-in-chief" and because it filed a motion in limine to admit the evidence. (Id. at 10.)

The Court finds Defendant has failed to establish any evidentiary error occurred at his trial, much less that these supposed evidentiary errors had a "substantial influence on the outcome" that would warrant a new trial. See Riley, 434 F. App'x at 821. Additionally, the Court notes that Defendant does not cite any legal authority to demonstrate why the alleged evidentiary errors are in fact errors. Nevertheless, the Court addresses the alleged points of errors Defendant argues in his motion.

Starting first with the testimony of specific acts related to SPLOST funding, the Court finds this evidence was relevant to both Counts of the Indictment because it demonstrated the facts underlying the federal investigation. More specifically, the three vendor witnesses' testimonies were probative and relevant on the issue of the type of documentation that was contained or expected to be contained in the records sought by the FBI relating to the spending of the SPLOST funds. Additionally, the Court finds the FBI forensic accountant was not offered as an expert witness but provided testimony regarding the importance of the evidence or documents required for an FBI investigation, which related to the issue of motivation to impede or the intent to impede an

investigation. Moreover, even if it was error to admit the testimony of the FBI forensic accountant, Defendant's argument that "[t]he jury could not help but conflate receipts . . . with files deleted" does not support a finding that there was a substantial influence on the outcome of the case because there was other evidence and testimony that demonstrated files were deleted, such as the testimonies of Special Agents McKee and McStotts. With regard to the September 2019 subpoena, the Court finds it was relevant to the underlying FBI investigation and Defendant's opportunity to give the FBI materials relevant to the investigation. Lastly, the Court finds Defendant's Federal Rule of Evidence 404(b) and Local Rule 16.2 arguments unconvincing because the evidence about SPLOST funds was inextricably intertwined with the facts of the case due to the underlying federal investigation.

Accordingly, from the Court's review of the entire record and recollection of the evidence presented at trial, the Court finds Defendant failed to identify evidentiary error or any other error that had a substantial influence on the outcome of the case and resulted in the level of prejudice that warrants the extraordinary remedy of a new trial. The Court finds no miscarriage of justice; therefore, the Court **DENIES** Defendant's motion and supplemental motion for a new trial.

## IV. CONCLUSION

Based on the foregoing, Defendant cannot show that the evidence at trial, viewed in the light most favorable to the Government, was insufficient to sustain a conviction. Accordingly, Defendant's motion and supplemental motion (Docs. 81, 109) for judgment of acquittal are **DENIED**. Similarly, none of the grounds set forth by Defendant require the Court to set aside the verdict and grant a new trial, so his motion and supplemental motion for new trial (Docs. 81, 109) are also **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 31st day of May, 2023.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA