UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO: 1:21-CR-048 |
| ) | |
| SAMMIE LEE SIAS ) | |

GOVERNMENT'S RESPONSE IN OPPOSITION AND GOVERNMENT'S MOTION TO APPLY THE APPEARANCE BOND TO THE DEFENDANT'S OUTSTSANDING FINE

NOW COMES the United States of America, by and through Jill E. Steinberg, United States Attorney for the Southern District of Georgia, and responds in opposition to the Defendant's motion, and moves this Court to apply the Defendant's Appearance Bond to his outstanding court fines pursuant to 28 U.S.C. § 2044, and in support of which shows the following:

BACKGROUND

On August 6, 2021, Defendant Sammie Lee Sias obtained an unsecured bond and pretrial release subject to standard and special conditions. Doc. 12. The bond was secured by $5,000.00 in cash, which Defendant deposited with the Court. Doc. 15.

The Defendant affirmed the bond as its sole signatory, averring that he was the owner of the $5,000.00 and no third party claimed an ownership interest with respect to the underlying cash deposit. *Id*. The bond does not otherwise indicate the involvement of any third-party surety. *Id*.

On July 29, 2022, a jury returned a verdict of guilty as to counts 1 (Destruction, Alteration, or Falsification of Records in a Federal Investigation) and 2 (False Statement or Representation Made to a Department or Agency of the United States) with respect to the Defendant. Doc. 78. On June 20, 2023, the Defendant was sentenced to a term of thirty-six months to be served concurrently on counts one and two, and assessed criminal monetary penalties of two $100.00 special assessments and a $5,000.00 fine. Doc. 117. On January 24, 2024, the Defendant's sentence was reduced from thirty-six months incarceration to thirty months incarceration, to be served concurrently on counts 1 and 2. Doc. 138. On April 29, 2024, the Defendant filed a Motion for Return of Surety based on the conclusion of his criminal case. Doc. 139.

The Government opposes the Defendant's request. The Government further moves that this Court enter an Order granting this Motion to apply the Defendant's Appearance Bond to his outstanding criminal monetary penalties.

## ARGUMENT

Title 28, United States Code, Section 2044 provides in pertinent part:

> On motion of the United States attorney, the court shall order any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond (trial or appeal) to be held and paid over to the United States attorney to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant. The court shall not release any money deposited for bond purposes after a plea or a verdict of the defendant's guilt has been entered and before sentencing except upon a showing that an assessment, fine, restitution or penalty cannot be imposed for the offense the defendant committed or that the defendant would suffer an undue hardship. This section shall not apply to any third party surety.

*See generally United States v. Higgins,* 987 F. 2d 543, 546 (8th Cir. 1993) ("Section 2044 directs the court, on the government' motion, to '*order any money* belonging to and deposited by or on behalf of the defendant with the court for . . . a criminal appearance bond (trial or appeal) *to be held and paid over . . . to be applied'* to a convicted defendant's financial liabilities arising out of that conviction.") (emphasis original); *see also United States v. Bogart*, 490 F. Supp. 2d 885, 908 (S.D. Ohio 2007) ("If a defendant is the owner of the funds, then, upon motion by the government, the Court may order that the bail money be applied to a restitution order against him."), *aff'd* 576 F.3d 565, (6th Cir. 2009); *United States v. Spears,* No. 1:16-CR-052, 2017 WL 961878, at *1 (S.D. Ga. Mar. 10, 2017).

The requirements of 28 U.S.C. § 2044 are satisfied. The Defendant has currently paid his two $100.00 special assessment penalties and a total of $75.00 was paid towards his criminal monetary fine. He still owes an outstanding balance of $4,925.00 plus any interest that may have accrued. As such, the Government requests that these monies "belonging to and deposited by . . . the defendant with the court for the purposes of a criminal appearance bail bond . . . to be held and paid over to the United States attorney to be applied to the payment of . . . [his] restitution[.]" 28 U.S.C. § 2044.

## CONCLUSION

WHEREFORE, the United States of America moves this Court for entry of an order in the above-captioned case directing the Clerk of Court to provide the balance

of the $5,000.00 Appearance Bond presently on deposit in the Court's Registry to the Clerk's office so that the funds may be applied to the Defendant's court ordered fine.

Respectfully submitted, this 30th day of April, 2024.

                Respectfully submitted,

                JILL E. STEINBERG
                UNITED STATES ATTORNEY

                ***/s/ Lindsay N. Berman-Hansell***
                Lindsay N. Berman-Hansell
                Assistant United States Attorney
                Georgia State Bar No. 575823
                22 Barnard Street, Suite 300
                Savannah, Georgia 31401
                Telephone: (912) 652-4422
                E-mail: Lindsay.Berman-Hansell@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 30th day of April, 2024.

JILL E. STEINBERG
UNITED STATES ATTORNEY

***/s/ Lindsay N. Berman-Hansell***
Lindsay N. Berman-Hansell
Assistant United States Attorney
Georgia State Bar No. 575823
22 Barnard Street, Suite 300
Savannah, Georgia 31401
Telephone: (912) 652-4422
E-mail: Lindsay.Berman-Hansell@usdoj.gov